

 Public Case Search

Search Home / Civil, Family, Probate Search Results / Case Details

## SUZANNE M. CASSIDY vs. LOWES HOME CENTERS. LLC, Individually, Jointly and Severally,and/or, KETER GROUP INC., Individually, Jointly and Severally,and/or KETER GROUP INC., Individually, Jointly and Severaly, and as Representative, and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC, Individually, Jointly and Severally, and/or ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally

### Case No. 2025DCV4186

Case

Injury or Damage - Other Product Liability
Filed 09/18/2025
384th District Court

## Related Cases

- None -

## Parties

| | | |
|---|---|---|
| Plaintiff | Cassidy, Suzanne M | JONATHAN H HUERTA (Lead Attorney) (Work : 915-629-9988) |
| Defendant | Lowes Home Centers, LLC | VALERIE R AUGER (Lead Attorney) (Work : 915-533-4424) |
| Defendant | Adams Manufacturing Company Inc. | |
| Defendant | KETER GROUP INC. | |
| Defendant | KETER GROUP INC. | |

# Timeline

| On | All (9) | Off | Events (7) |
|---|---|---|---|
| Off | Hearings (1) | Off | Dispositions (0) |
| Off | Service (1) | | |

| 09/18/2025 | Original Petition (OCA) Index #1 | Event |
|---|---|---|
| 09/18/2025 | E-File Event Original Filing | Event |
| 09/23/2025 | Request Index #2 | Event |
| 09/26/2025 | Citation | Service |

Lowes Home Centers, LLC

Served 09/29/2025

| | | |
|---|---|---|
| | Response Received 10/20/2025 | |
| | Returned 10/03/2025 | |
| | Adams Manufacturing Company Inc. | |
| | Served 10/01/2025 | |
| | Response Due 10/27/2025 | |
| | Returned 10/03/2025 | |
| | KETER GROUP INC. (Unserved) | |
| | KETER GROUP INC. | |
| | Served 10/01/2025 | |
| | Response Due 10/27/2025 | |
| | Returned 10/03/2025 | |
| **10/03/2025** | Return | Event |
| **10/20/2025** | Answer Index #10 | Event |
| **10/21/2025** | Plea to the Jurisdiction Index #8 | Event |
| **10/22/2025** | Notice of Hearing Index #9 | Event |
| **11/17/2025** | Plea to Jurisdiction Hearing (9:00AM) (Judicial Officer : Garcia, Patrick M.) | Hearing |

© 2025 - Public Case Search

IN THE DISTRICT COURT/COUNTY COURT_____JUDICIAL DISTRICT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **SUZANNE M. CASSIDY** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| **LOWES HOME CENTERS, LLC,** | § | **CAUSE NUMBER:** |
| *Individually*, Jointly and Severally, | § | |
| | § | |
| and/or, | § | |
| | § | |
| **KETER GROUP INC.,** | § | |
| *Individually,* Jointly and Severally, and/or | § | |
| | § | |
| **KETER GROUP INC.,** *Individually*, Jointly | § | |
| and Severally, and as Representative, and/or The | § | |
| Parent Company of a Subsidary, | § | |
| **KETER US INC,** | § | |
| *Individually*, Jointly and Severally, and/or | § | |
| | § | |
| **KETER US INC.,** *Individually*, Jointly | § | |
| and Severally, and, | § | |
| | § | |
| **ADAMS MANUFACTURING CO.**, INC., | § | |
| *Individually,* Jointly and Severally. | § | |
| | § | |
| **KETER GROUP INC.,** *Individually*, Jointly, | § | |
| and Severally, and as Representative, and/or | § | |
| The Parent Company of a Subsidary | § | |
| **ADAMS MANUFACTURING CO., INC.,** | § | |
| *Individually*, Jointly and Severally, | § | |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S ORIGINAL PETITION

---

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **SUZANNE M. CASSIDY**, hereinafter called "(Plaintiff"), complaining

of and about **LOWES HOME CENTERS, LLC** (hereinafter "LOWES" and/or "Defendant")

and **KETER GROUP INC,** *previously* **KETER US., INC.,** (hereinafter "KETER GROUP" and/or "Defendant"), **ADAMS MANUFACTURING CO., INC.,** called ("ADAMS MANUFACTURING" and/or Defendant's), and for cause of action would show unto the Court the following:

I.

## DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2.

II.

## PARTIES AND SERVICE

### A. PLAINTIFF

2.     Plaintiff, **SUZANNE M. CASSIDY**, is an Individual whose address is 11664 Privada, CT, El Paso, Texas 79936.

3.     The last three numbers of **SUZANNE M. CASSIDY's** d/o/b, July 21st, 19xx.

### B. DEFENDANTS

### B1. LOWES HOME CENTERS, LLC.

4.     Defendant **LOWES HOME CENTERS, LLC**, a has an office, place of business, or agency for transacting business in the State of Texas. Service of process pursuant to Section 17.021 of the Texas Civil Practice and Remedies Code may be effected by serving the following agent or clerk at said address a citation *direct to:*

**CORPORATION SERVICE COMPANY D/B/A**
**CSC-LAWYERS INCORPORATING SERVICE COMPANY**
211 E. 7TH Street, Suite 620
Austin, Tx 78701-3218

*On behalf of:*

**LOWES HOME CENTERS, LLC**
1605 CURTIS BRIDGE, RD

WILKESBRO, NC 28697

Service of said Defendant as described above can be *effected by certified mail,* return receipt requested.

## B2. ADAMS MANUFACTURING COMPANY INC.

5.      Defendant **ADAMS MANUFACTURING COMPANY INC.,** a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, at its registered office, *directed to:*

**JAMES M. ADAMS**
1416 N. UNIVERSITY AVE
LUBBOCK, TEXAS 79415

*On behalf of:*

**ADAMS MANUFACTURING COMPANY INC.**
PO BOX 5276
LUBBOCK,TEXAS, 79408

Service of said Defendant as described above can be *effected by certified mail*, return receipt requested.

## B3. KETER GROUP INC., previously KETER US INC.,

### Secretary of State of Texas

6.      **KETER GROUP INC.,** *previously* **KETER US, INC.,** engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the **Secretary of State of**

**Texas, Statutory Documents Section**, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home or home office, or agent directed to:

**CT CORPORATION SYSTEM**
1200 S. PINE RD, PLANTATION
FLORIDA, 33324

***On behalf of:***

**KETER GROUP INC,** *previously* **KETER US INC.,**
6435 SCATTERFIELD RD
ANDERSON, INDIANA, 46013

Service of said Defendant as described above can be ***effected by certified mail,*** return receipt requested.

### B4. **KETER GROUP INC.,** *previously* **KETER US INC.,**

### Service on Registered Agent of Nonresident Business

7.      Defendant **KETER GROUP INC.,** *previously* **KETER US INC.,** committed acts that constitute doing business, and is a nonresident doing business in Texas, is not organized under the laws of the State of Texas, service of process on the Defendant; and, (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this State; and (2) commits a tort in whole or in part in this state, as such, *and service of process* on the Defendant may be effected pursuant to sections 17.042 of the Texas Practice & Remedies Code, by serving the registered agent of the corporation, at its registered office, ***directed to:***

**CT CORPORATION SYSTEM**
1200 S. PINE RD, PLANTATION
FLORIDA, 33324

*On behalf of:*

**KETER GROUP INC,** *previously* **KETER US INC.,**

6435 S. SCATTERFIELD RD
ANDERSON, INDIANA, 46013

Service of said Defendant as described above can be *effected by certified mail*, return receipt requested.

### III.

### JURISDICTION AND VENUE

8      The subject matter in controversy is within the jurisdictional limits of this court.

9.     Plaintiff seeks:

    a.      **monetary relief over $250,000 but not more than $1,000,000.**

10.    This court has jurisdiction over the parties because Defendants are Texas residents.

11.    Venue in EL PASO Countyis is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

12.    This court has jurisdiction over Defendant **LOWES HOME CENTERS, LLC.,** because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over **LOWES HOME CENTERS, LLC.,** will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

13.    Plaintiff would show that Defendant **LOWES HOME CENTERS, LLC.,** had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

14.    Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant **LOWES HOME CENTERS, LLC.,** to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

15.    This court has jurisdiction over Defendant **ADAMS MANUFACTURING COMPANY, INC.,** because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over **ADAMS MANUFACTURING COMPANY., INC,** will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

16.    Plaintiff would show that Defendant **ADAMS MANUFACTURING COMPANY, INC.,** had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

17    Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant **ADAMS MANUFACTURING COMPANY INC.,** to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

18.    This court has jurisdiction over Defendant **KETER GROUP INC.,** because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over **KETER GROUP INC.,** will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

19.    This court has jurisdiction over Defendant **KETER US INC.,** because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over **KETER US INC.,** will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

21.     Plaintiff would show that Defendant **KETER GROUP INC.,** had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

22.     Plaintiff would show that Defendant **KETER US INC.,** had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant

23.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant **KETER GROUP INC.,** to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

24.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant **KETER US INC.,** to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

25.     Furthermore, Plaintiff would show that Defendant **KETER GROUP INC.,** engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant's committed a tort in whole or in part in Texas.

26.     Furthermore, Plaintiff would show that Defendant **KETER US INC.,** engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

## IV.

## FACTS

26.     At all times material hereto, Defendant, **LOWES HOME CENTERS, LLC** was the property manager of the premises located at Lowes Store #2928, 12100 Montana Ave, El Paso, Texas 79938. Lowes Home Center's holds itself out as a business that vends all items, products, materials for building and/or remolding a residential or commercial property. On this

day, Lowe's Home Centers was open to the public, as an invitor, for promotion and sale, the sale of residential patio stackable frame stationary conversation with solid seat. As of September, 6th, a corsury review of the website lists over 55 types of exterior lawn furniture that can be purchased, by Invitee's, so situated for sale at Lowes Home Center, and readily available for purchase by Plaintiff.

27.    On or about September 23, 2023, SUZANNE M. CASSIDY, plaintiff, traveled from her residence to a Lowes Home Center for the purpose of purchasing exterior lawn furniture. Upon arrival unto their property Plaintiff parked her vehicle, proceeded and entered into the warehouse style building to pursue, but mainly to purchase exterior lawn furniture. While indide the building she encountered and spoke with an employee of Lowes Home Center, in effort to inquire about purchasing lawn chairs. To effectuate this sale, Plaintiff and the Lowe's employee proceeded to the exit, of which was the closest entrance to the location of the displayed "stacked" exterior lawn furniture. After having arrived, Plaintiff, viewed the items offered as stacked for purchase; and, at that moment Plaintiff noticed, the chairs to be sprinkled with dirt, discolored, and observed that these items were displayed outside of the building, during store operating operating hours, and more likely than not during non operating hours, likely esposing the chairs to varying weather conditions.

28.    Standing directly in a front facing position with the "stacked" chairs, Plaintiff directed the Lowe's employee to lower and remove from said "stack," an exterior lawn chair. The Lowes employee, retrieved this chair, placed, and allowed the Plaintiff to commence utilizing this chair; of which, was her intention of sitting on this chair. As she momentarily commenced to sit on the a resin *patio stackable frame stationary conversation chair*, for the purpose and in the manner in which it was intended to be used, suddenly and without warning,

came apart, she simultaneously continued on her seated path straight to the cement pavement, which is a walk way into the store entrance. Plaintiff was violently thrust to the ground with the back of her head striking the ground. Plaintiff, positioned, crouched into a seated position and proceed to place her weight onto the seat of the chair. It immediately gave way to the slightest placement of weight on the seat. Plaintiff's body was immediately flung onto her back and neck, the two body parts of which hit the concrete floor.

29.    Upon further inspection of the chair, by employee and plaintiff it appeared compromised at where the seat attaches to the leg support, which also attaches to the armrest. To that point, the chair was observed to have splintered at a major load bearing section of the chair, as such, unfit for ideal seating usage.The chair appeared weathered, discolored and lightly covered in dirt.

<div align="center">

V.

**LIABILITY OF DEFENDANT LOWES HOME CENTERS, LLC**

**A.**

</div>

30.    A Brief survey of the background of Lowes Home Center, LLC., the company markets and vends products that are manufactured by third parties. Lowes Home Center, LLC., vends products manufactured by Adams Manufacturing, Inc., and Keter Group, Inc. In turn, Lowes Home Centers, utilizes warehouse style buildings to store for vending products manufactured by third parties, it is alleged that Lowes Home Centers uses its own discretion in the storage and display of these third party purchased products. It is observed that certain manufactured products are displayed continuously outside of the warehouse storage facility and exposed to varied weather climates and conditions.

31.    At all times mentioned herein, Defendant, Lowes Home Centers was engaged in

the vending of home interior, and exterior building-materials, and in turn, also vends products and materials sufficient to construct and build commercial and/or residential buildings on properties. Of a particular item, Lowes is engaged in the vending of exterior lawn furniture, more specifically, patio stackable frame stationary conservation chairs with a solid seat, otherwise manufactured by Adams Manufacturing, and in the alternative, a manufactured product by Keter Group Inc., or a combination of both manufactures and by their design.  Mrs. Suzanne Cassidy:

A. Entered Lowes Home Furniture store #2928, with the intention purchasing exterior lawn furniture. The furniture was purchased at this exact location; and,

B. after said purchase, she was accompanied by a Lowe's employee to the outside of the building, but within the managed and maintained property of Lowe's, to the displaying of the exterior lawn furniture, of which each chair is in a, "stacked" formation; and,

C. upon standing immediately to the front faced "stacked," she noticed that several chairs had collected dirt, and appeared "weathered," and presented with a "white" discoloration; and,

D. upon retrieval, and placed directly in front of her, I effort to sit down, and "determine" the comfort of the law furniture, plaintiff began to crouch down to place her weight flush with the seat of this furniture; and,

E. as she recalls, the mere placement of her body weight on the seat, resulted in her being flung to the ground. The furniture had come undone, fell apart, and/or became untenable under the load and/or weight of a small female body.

32.    At all times mentioned herein, Defendant Lowes Home Center, LLC., had such control over the premises in question that Defendant Lowes Home Center, LLC., owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

33.    The storage and display, the continual exposure to varying arid and cold temperatures as frequently occur in El Paso, Texas, of the exterior lawn furniture was proximately caused by the negligence of Defendant, Defendant's agents, servants, or employees in the displaying of Adams Manufacturing and/or Keter Group, patio furniture. It is alleged that the varied and continued exposure to arid and cold weather conditions, independently and/or in conjunctions with the composite materials in the manufacturing of the final product, selection of materials, stress loads, supporting components created a dangerous condition and/or exposed an invitee to a product defect.  As an aside and addition, it is contended that negligence shall be impugned, by reasons listed below, onto Lowes Home Centers, Adams Manufacturing, and Keter Group Inc., in that the labeling and warning in the display of exterior lawn furniture in:

A.    Failing to monitor, inspect, record length of time, observe weather causing variants that greatly increase the probability of the compromise and structural compromise of this chair:

I.    Cracking and Breaking, in that the plastic resin cracks or breaks, especially at the points where the back meets the seat.

II.    Sun Degradation, it is alleged that the resin material can become brittle and weaken over time when exposed to sunlight, allegedly leading to eventual failure.

III.    Weight Capacity: it is alleged that the structural integrity leads to the chair feeling flimsy or unstable.

IV.    Negligent in acquiring product knowledge, in that said chairs have been understood to break within monthd after purchase, where an issue has arisen that the, "backs completely have sheared off," failing to sustain a seated individuals weight.

B.    Failing to properly maintain and inspect said exterior lawn chair, by "stacking," and displaying said lane furniture to changing weather;

B.    Failing to improperly store said stacked exterior lawn furniture within the

C.    Lowes Home Center away from intreprate and continually weather conditions waivering from hot or cold.

D.    Failing to inspect the stability of the external lawn chair by way of reviewing the structural integrity of the external lawn chair by of demonstrative & physical usage.

E.    Failing to inspect the chair by pressing down on the arms, and noticing the observable discoloration of the external lawn chair.

F.    Failing to have a working knowledge of the length of days the chars were exposed to continually changing whether conditioms

34.    All of which Defendant LOWES HOME CENTERS, LLC, Defendant's agents or employees knew, or in the exercise of ordinary care, should have known.

35.    At all times material hereto, all of the agents, servants, and/or employees for Defendant LOWES HOME CENTERS, LLC, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.   Therefore, Defendant LOWES HOME CENTERS, LLC is further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

VI.

**LIABILITY OF DEFENDANT ADAMS MANUFACTURING COMPANY**

36.    Defendant ADAMS MANUFACTURING COMPANY was, at all times mentioned herein a Texas corporation doing business under the laws of the State of Texas, and was engaged in the manufacturing of the *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*, which is sold in the State of Texas, for the purpose of providing home and exterior patio furniture, the basis of ADAMS MANUFACTURING COMPANY business mission.

37.    Defendant ADAMS MANUFACTURING COMPANY was, at all times

mentioned herein a Texas corporation doing business under the laws of the State of Texas, and was engaged in the sale of the *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*, which is sold in the State of Texas, for the purpose of providing home and exterior patio furniture, the basis of ADAMS MANUFACTURING COMPANY business mission.

38.     The malfunction of the external lawn chair was proximately caused by the negligence of **ADAMS MANUFACTURING COMPANY**, as the Defendant's agents, servants, or employees in the operation, manufacturing, testing, and/or production, and marketing of resin-based household and garden consumer products.

39.     The malfunction of the external lawn chair was proximately caused by the negligence of **ADAMS MANUFACTURING COMPANY**, and/or the Defendant's agents, servants, or employees in the operation, manufacturing, testing, and/or production, and marketing of resin-based household and garden consumer products.

40.     The general negligence of the **ADAMS MANUFACTURING COMPANY**, in the sale, distribution, and manufacture of *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*:

       A.     Failing to correct the distribution of chairs that have demonstrable and observable, overall structural failings in:

       B.     Failing to monitor, inspect, record length of time, observe weather causing variants that greatly increase the probability of the compromise and structural compromise of this chair:

             I.     Cracking and Breaking, in that the plastic resin cracks or breaks, especially at the points where the back meets the seat.

             II.     Sun Degradation, it is alleged that the resin material can become brittle and weaken over time when exposed to sunlight, allegedly leading to eventual failure.

III. Weight Capacity: it is alleged that the structural integrity leads to the chair feeling flimsy or unstable.

IV. Negligent in acquiring product knowledge, in that said chairs have been understood to break within monthed after purchase, where an issue has arisen that the, "backs completely have sheared off," failing to sustain a seated individuals weight.

C. Failing to properly maintain and inspect said *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*:

D. Failing to have WARNING LABELS attached thereto for the purpose of notifying potential and actual purchasers of reported common complaints regarding quality control, in that: chairs purchased were dirty, faded, or had chips and cracks, reportedly suggesting issues with product handling and product handling and quality control.

E. Failing to have WARNING LABELS attached thereto for the purpose of notifying potential and actual purchasers of reported common complaints regarding instability in that said chairs were unstable or to buckle when used on uneven surfaces, for users under the statednweuhted limit. quality control, in that: chairs purchased were dirty, faded, or had chips and cracks, reportedly suggesting issues with product handling and product handling and quality control.

41. All of which Defendant ADAM'S MANUFACTURING COMPANY and/or Defendant's agents or employees knew, or in the exercise of ordinary care, should have known.

42. Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of **ADAMS MANUFACTURING COMPANY's** negligence in one or more of the following respects, or by combination thereof:

A. in the failure of the design and durability of ADAMS MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

B. in failing to inspect ADAMS MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

C. in failing to properly maintain proper quality control of ADAMS

MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

D.   in failing to properly warn Plaintiff about the condition of said ADAMS MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

E.   in negligently inviting, enticing, and/or directing Plaintiff into purchasing; improperly displayed, ADAMS MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

43.   While engaged in the manufacture and sale of the ADAMS MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and, Defendant, ADAMS MANUFACTURING, manufactured and sold a certain Adams Lawn Chair, other like products, to LOWES HOME CENTER, a Defendant, intended and expected that the ADAMS MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

44.   Defendant, ADAMS MANUFACTURING COMPANY, ADAMS MANUFACTURING, *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; is negligent, in the following respects:

A.   Failing to use due care in the manufacture of the lawn chairs;

B.   Failing to use due care in the design of lawn chairs;

C.   Failing to use proper materials reasonably suited to the manufacture or design of exterior patio lawn chairs or the component parts thereof;

D.   Failing to use due care to test and/or inspect the exterior office lawn furniture or the component parts thereof to determine its durability and function ability for the purpose for which it was intended; and

E.   Failing to use due care to test and/or inspect the exterior office lawn furniture:

I. Cracking and Breaking, in that the plastic resin cracks or breaks, especially at the points where the back meets the seat.

II. Sun Degradation, it is alleged that the resin material can become brittle and weaken over time when exposed to sunlight, allegedly leading to eventual failure.

III. Weight Capacity: it is alleged that the structural integrity leads to the chair feeling flimsy or unstable.

IV. Negligent in acquiring product knowledge, in that said chairs have been understood to break within monthed after purchase, where an issue has arisen that the, "backs completely have sheared off," failing to sustain a seated individuals weight.

45. In addition, Defendant's ADAMS MANUFACTURING COMPANY, and LOWE'S HOME CENTER'S expressly and impliedly warranted to the public generally, that the exterior lawn patio chairs were of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

46. Plaintiff would show the court that Defendant ADAMS MANUFACTURING, INC., was negligent in designing the exterior lawn patio chair in one or more of the following respects:

A. in failing to design the exterior lawn patio chair so that the plaintiff could not properly use this product due to a malfunction;

B. in designing the exterior lawn patio chair without a guard or shield on it as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances;

C. in placing the exterior lawn patio chair on the market without warning the users of the device that the exterior lawn patio chairs might collapse due to a malfunction; and

D. in placing the exterior lawn patio chair on the market without warning

users of:

I.  Cracking and Breaking, in that the plastic resin cracks or breaks, especially at the points where the back meets the seat.

II.  Sun Degradation, it is alleged that the resin material can become brittle and weaken over time when exposed to sunlight, allegedly leading to eventual failure.

III.  Weight Capacity: it is alleged that the structural integrity leads to the chair feeling flimsy or unstable.

IV.  Negligent in acquiring product knowledge, in that said chairs have been understood to break within monthed after purchase, where an issue has arisen that the, "backs completely have sheared off," failing to sustain a seated individuals weight.

47.  Plaintiff cannot more specifically allege the act of negligent design on the part of Defendant ADAMS MANUFACTURING COMPANY, aside from ADAMS MANUFACTURING COMPANY'S failure to design the exterior lawn patio chair, in question in a manner which would have prevented it from **structural compromise**, for the reason that facts in that regard are peculiarly within the knowledge of Defendant ADAMS MANUFACTURING COMPANY'S and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design, Plaintiff relies on the doctrine of Res Ipsa Loquitur.

48.  In this connection, Plaintiff will show the court that the design of the extoiwas within the exclusive control of Defendant ADAMS MANUFACTURING COMPANY'S, Plaintiff had no means of ascertaining the method or manner in which the product was designed, and it was used by Plaintiff in the same condition it was in when it left control of Defendant ADAM'S MANUFACTURING COMPANY'S.

49.  At all times material hereto, all of the agents, servants, and/or employees for Defendant ADAMS MANUFACTURING COMPANY, who were connected with the

occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant ADAMS MANUFACTURING COMPANY is further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

VII.

**LIABILITY OF DEFENDANT KETER GROUP INC**
**and Subsidiary KETER US INC**

50.     Defendant KETER GROUP INC., was, at all times mentioned herein a Texas corporation doing business under the laws of the State of Texas, and was engaged in the manufacturing of the *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*, which is sold in the State of Texas, for the purpose of providing home and exterior patio furniture, the basis of KETER GROUP INC business mission.

51.     Defendant KETER GROUP INC was, at all times mentioned herein a Texas corporation doing business under the laws of the State of Texas, and was engaged in the sale of the *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*, which is sold in the State of Texas, for the purpose of providing home and exterior patio furniture, the basis of KETER GROUP INC business mission.

52.     The malfunction of the external lawn chair was proximately caused by the negligence of **KETER GROUP INC**, as the Defendant's agents, servants, or employees in the operation, manufacturing, testing, and/or production, and marketing of resin-based household and garden consumer products.

53.     The malfunction of the external lawn chair was proximately caused by the negligence of **KETER GROUP INC**, and/or the Defendant's agents, servants, or employees in the operation, manufacturing, testing, and/or production, and marketing of resin-based household

and garden consumer products.

54.    The general negligence of the **KETER GROUP INC**, in the sale, distribution, and manufacture of *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*:

A.    Failing to correct the distribution of chairs that have demonstrable and observable, overall structural failings in:

B.    Failing to monitor, inspect, record length of time, observe weather causing variants that greatly increase the probability of the compromise and structural compromise of this chair:

V.    Cracking and Breaking, in that the plastic resin cracks or breaks, especially at the points where the back meets the seat.

VI.    Sun Degradation, it is alleged that the resin material can become brittle and weaken over time when exposed to sunlight, allegedly leading to eventual failure.

VII.    Weight Capacity: it is alleged that the structural integrity leads to the chair feeling flimsy or unstable.

VIII.    Negligent in acquiring product knowledge, in that said chairs have been understood to break within monthed after purchase, where an issue has arisen that the, "backs completely have sheared off," failing to sustain a seated individuals weight.

C.    Failing to properly maintain and inspect said *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*:

D.    Failing to have WARNING LABELS attached thereto for the purpose of notifying potential and actual purchasers of reported common complaints regarding quality control, in that: chairs purchased were dirty, faded, or had chips and cracks, reportedly suggesting issues with product handling and product handling and quality control.

E.    Failing to have WARNING LABELS attached thereto for the purpose of notifying potential and actual purchasers of reported common complaints regarding instability in that said chairs were unstable or to buckle when used on uneven surfaces, for users under the statednweuhted limit. quality control, in that: chairs purchased were dirty, faded, or had chips and cracks, reportedly suggesting issues with product handling and product handling and quality control.

55.    All of which Defendant KETER GROUP INC., and/or Defendant's agents or employees knew, or in the exercise of ordinary care, should have known.

56.    Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of **KETER GROUP INC's** negligence in one or more of the following respects, or by combination thereof:

A.    in the failure of the design and durability of KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

B.    in failing to inspect KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

C.    in failing to properly maintain proper quality control of KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

D.    in failing to properly warn Plaintiff about the condition of said KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

E.    in negligently inviting, enticing, and/or directing Plaintiff into purchasing; improperly displayed, KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and,

57.    While engaged in the manufacture and sale of the KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; and, Defendant, KETER GROUP INC manufactured and general style patio chair and other like products, to LOWES HOME CENTER, a Defendant, intended and expected that the KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

58.     Defendant, KETER GROUP INC, KETER GROUP INC *Patio Stackable Frame Stationary Conversation with Solid Seat, or similar related patio chair*; is negligent, in the following respects:

A.     Failing to use due care in the manufacture of the lawn chairs;

B.     Failing to use due care in the design of lawn chairs;

C.     Failing to use proper materials reasonably suited to the manufacture or design of exterior patio lawn chairs or the component parts thereof;

D.     Failing to use due care to test and/or inspect the exterior office lawn furniture or the component parts thereof to determine its durability and function ability for the purpose for which it was intended; and

E.     Failing to use due care to test and/or inspect the exterior office lawn furniture:

V.     Cracking and Breaking, in that the plastic resin cracks or breaks, especially at the points where the back meets the seat.

VI.     Sun Degradation, it is alleged that the resin material can become brittle and weaken over time when exposed to sunlight, allegedly leading to eventual failure.

VII.     Weight Capacity: it is alleged that the structural integrity leads to the chair feeling flimsy or unstable.

VIII.     Negligent in acquiring product knowledge, in that said chairs have been understood to break within monthed after purchase, where an issue has arisen that the, "backs completely have sheared off," failing to sustain a seated individuals weight.

59.     In addition, Defendant's KETER GROUP INC, and LOWE'S HOME CENTER'S expressly and impliedly warranted to the public generally, that the exterior lawn patio chairs were of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.  Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate

result of the breach of these warranties.

60. Plaintiff would show the court that Defendant KETER GROUP INC INC., was negligent in designing the exterior lawn patio chair in one or more of the following respects:

A. in failing to design the exterior lawn patio chair so that the plaintiff could not properly use this product due to a malfunction;

B. in designing the exterior lawn patio chair without a guard or shield on it as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances;

C. in placing the exterior lawn patio chair on the market without warning the users of the device that the exterior lawn patio chairs might collapse due to a malfunction; and

D. in placing the exterior lawn patio chair on the market without warning users of:

V. Cracking and Breaking, in that the plastic resin cracks or breaks, especially at the points where the back meets the seat.

VI. Sun Degradation, it is alleged that the resin material can become brittle and weaken over time when exposed to sunlight, allegedly leading to eventual failure.

VII. Weight Capacity: it is alleged that the structural integrity leads to the chair feeling flimsy or unstable.

VIII. Negligent in acquiring product knowledge, in that said chairs have been understood to break within monthed after purchase, where an issue has arisen that the, "backs completely have sheared off," failing to sustain a seated individuals weight.

61. Plaintiff cannot more specifically allege the act of negligent design on the part of Defendant KETER GROUP INC, aside from KETER GROUP INC'S failure to design the exterior lawn patio chair, in question in a manner which would have prevented it from **structural compromise**, for the reason that facts in that regard are peculiarly within the knowledge of Defendant KETER GROUP INC'S and, in the alternative, in the event Plaintiff is unable to

prove specific acts of negligent design, Plaintiff relies on the doctrine of Res Ipsa Loquitur.

62.     In this connection, Plaintiff will show the court that the design of the extoiwas within the exclusive control of Defendant KETER GROUP INC'S, Plaintiff had no means of ascertaining the method or manner in which the product was designed, and it was used by Plaintiff in the same condition it was in when it left control of Keter Group Inc.

63.     At all times material hereto, all of the agents, servants, and/or employees for Defendant KETER GROUP INC, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, Defendant KETER GROUP INC is further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

VIII.

**PROXIMATE CAUSE**

64.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

IX.

**Negligence: Res Ipsa Loquitor**

65.     The occurrence causing harm to Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Lowes Home Centers, LLC.  Thus, Lowes Home Centers, LLC, was negligent in the design of the patio stackable frame stationary conversation chairs with solid seat. An alternative pleading of which said negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

66.     The occurrence causing harm to Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Adams Manufacturing Company. Thus, Adams Manufacturing Company was negligent in the design of the patio stackable frame stationary conversation chairs with solid seat. An alternative pleading of which said negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

67.     The occurrence causing harm to Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant Keter Group Inc.  Thus, Keter Group Inc., was negligent in the design of the patio stackable frame stationary conversation chairs with solid seat. An alternative pleading of which said negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

<div align="center">

X.

**DAMAGES FOR PLAINTIFF - SUZANNE M. CASSIDY**

</div>

65.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, SUZANNE CASSIDY was caused to suffer physical neck pain, and to endure anxiety, generalized pain, and illness resulting in damages more fully set forth below.

66.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, SUZANNE CASSIDY has incurred the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, SUZANNE CASSIDY for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in EL PASO County, Texas;

B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Mental anguish in the past;

E.   Physical pain and suffering in the future;

F.   Mental anguish in the future;

G.   Physical impairment in the past;

H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past;

J.   Loss of earning capacity which will, in all probability, be incurred in the future;

K.   Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

L.   Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

M.   Loss of Parental Consortium in the past, including damages to the parent-child relationship, loss of care, comfort, solace, companionship, protection, services, and/or parental love;

N.   Loss of Parental Consortium in the future including damages to the parent-child relationship, loss of care, comfort, solace, companionship, protection, services, and/or parental love;

O.   Loss of Body Member;

P.   Loss of Hearing;

Q.   Loss of Eyesight;

R.   Loss of Mental Function;

S.   Loss of Household Services in the past;

T.   Loss of Household Services in the future;

U.    Disfigurement in the past;

V.    Disfigurement in the future;

W.    Cost of medical monitoring and prevention in the future; and

67.    By reason of the above, Plaintiff, SUZANNE CASSIDY has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XI

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, SUZANNE CASSIDY, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## XII.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

60.    The occurrence causing harm to Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant Keter Group Inc. Thus, Keter Group Inc., was negligent in the design of the patio stackable frame stationary conversation chairs with solid seat. An alternative pleading of which said negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

Respectfully Submitted

THE HUERTA LAW GROUP, PLLC.

By: JONATHAN H. CONTRERAS-HUERTA

JONATHAN H. CONTRERAS HUERTA, ESQ
TXBN: 24050790
2104 E. Yandell, Suite O
El Paso, Texas, 79930
Email: LamboLaw915@gmail.com
Ph:    1.915.629.9988
Fax:   1.915.777.3119
Attorney for Plaintiff: *Suzanne M. Cassidy*

## E-FILING REQUEST FOR ISSUANCE

PLEASE USE THIS FORM WHEN REQUESTING ISSUANCE OF THE SERVICES LISTED BELOW THROUGH THE E-FILING SYSTEM.

THIS FORM DOES NOT APPLY TO:  ABSTRACTS, WRIT OF EXECUTION, WRIT OF ALIAS EXECUTION, WRIT OF POSSESSION, ORDER OF SALE, SUBPOENAS AND SPOUSAL WITHOLDING.  FORM AVAILABLE ONLINE AT http://www.epcounty.com/districtclerk/forms.htm

Date: __09/23/2025__    Requested by: __Jonathan Huerta__

Cause No. __2025DCV4186__    Phone No. __915-629-9988__

E-Mail back to: __lambolaw915@gmail.com__    Mail Back to: _____

- This document **MUST** be filed as a separate lead document when e-filing.
- Use the filing code "Request" and add the type of issuance in the filing description field.
- Select the type of issuance using the "Optional Services" section on the e-filing screen.
- Printed citations need a copy of the conformed pleading being served
- TRO's, Show cause notices, Capias and Citations by posting and publication require a copy of the corresponding orders if issuance is being printed and/or forwarded to Sheriff's Office for service
- If applicable you must add the copies using the "Optional Services", select Copies – Non-Certified and add as many pages as needed. (For Example:  Petition is 5 pages, 3 citations are requested: 5x3=15 pages will need to be printed by Clerk)

| Issuance Type | Fee: | Quantity |
|---|---|---|
| Citation Personal Service | $8.00 | |
| Citation Non Resident | $8.00 | |
| Citation by Certified Mail | $8.00 | 4 |
| TRO | $8.00 | |
| Show Cause Notice | $8.00 | |
| Writ of Garnishment | $8.00 | |
| Bill of Cost | $5.00 | |
| Capias | $8.00 | |

| Service Type | Fee: | Quantity |
|---|---|---|
| Service by Certified Mail District Clerk (select issuance fee quantity) | $57.00 | |
| Service by Certified Mail Outside Service | $0.00 | |
| Service by Registered Mail (Rule 736) | $5.00 | |
| Mail back to Process Server/Requestor | $5.00 | |
| Service by Sheriff Personal Service | $110.00 | |
| Service by Sheriff Posting | $75.00 | |
| Service by Sheriff Publication **\*\*See Note\*\*** | $75.00 | |
| Notice of Protective Order | $8.00** | |

**Applicant not required to pay costs

Pleading being served (For example: Original Petition, Amended Petition): __Plaintiff's Original Petition__

*NOTE: The El Paso County Sheriff's Office is temporarily unable to assist with notice by publication in the El Paso Times newspaper. The Sheriff's Office remains available to assist with notice by publication in other available newspapers. For any questions, you may contact the Sheriff's Office Civil Process Section at (915) 538-2262.*

| Notes to the Clerk |
|---|
| Please provide me with the citations by certified mail to all defendants address' stated in Plaintiff's Original Peition filed on 09/18/2025. |

Filed on September 26, 2025
4:50:26 PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Acosta, Joann

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:    **LOWES HOME CENTERS, LLC**, which may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY at, 211 E 7th STREET, SUITE 620, AUSTIN, TX 78701-3218

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 18th day of September, 2025, by Attorney at Law, JONATHAN H HUERTA, 2104 E YANDELL DRIVE, SUITE O, EL PASO, TX  79903 in this case numbered **2025DCV4186** on the docket of said court, and styled:

**SUZANNE M. CASSIDY**
**vs.**
**LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC.,**
**Individually, Jointly and Severally, and/or KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC, Individually, Jointly and Severally, and/OR ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 26th day of September, 2025.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
JoAnn Acosta

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2025, at _____ I mailed to
_____
_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____
*NAME OF PREPARER                    TITLE

_____
ADDRESS

_____
CITY                STATE            ZIP

_____

_____
                                   TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

     The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

     This forwarding address was provided:_____

 

El Paso County, Texas

By:_____
    Deputy District Clerk

OR

_____
    Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

     Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

Filed on September 26, 2025
4:50:35 PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Acosta, Joann

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:   **Adams Manufacturing Company Inc.**, which may be served with process by serving its registered agent, JAMES M. ADAMS, 1416 N. UNIVERSITY AVE, LUBBOCK, TX 79415

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 18th day of September, 2025, by Attorney at Law, JONATHAN H HUERTA, 2104 E YANDELL DRIVE, SUITE O, EL PASO, TX  79903 in this case numbered **2025DCV4186** on the docket of said court, and styled:

**SUZANNE M. CASSIDY**
**vs.**
**LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC.,**
**Individually, Jointly and Severally, and/or KETER GROUP INC., Individually, Jointly and Severally, and as Representative,**
**and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC,**
**Individually, Jointly and Severally, and/or ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER**
**GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS**
**MANUFACTURING CO., INC., Individually, Jointly and Severally**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 26th day of September, 2025.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
JoAnn Acosta

CERTIFICATE OF DELIVERY BY MAIL

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

I hereby certify that on the _____ day of _____, 2025, at _____ I mailed to _____
_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____  

_____
*NAME OF PREPARER                    TITLE            TITLE

_____
ADDRESS

_____
CITY                    STATE            ZIP

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

Filed on September 26, 2025
4:50:48 PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Acosta, Joann

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:   **KETER GROUP, INC. f/n/a KETER US INC.**, which may be served with process by serving its registered agent, CT CORPORATION SYSTEM, 1200 S. PINE RD. PLANTATION, FL 33324

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 18th day of September, 2025, by Attorney at Law, JONATHAN H HUERTA, 2104 E YANDELL DRIVE, SUITE O, EL PASO, TX   79903 in this case numbered **2025DCV4186** on the docket of said court, and styled:

**SUZANNE M. CASSIDY**
**vs.**
**LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC.,**
**Individually, Jointly and Severally, and/or KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC, Individually, Jointly and Severally, and/or ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 26th day of September, 2025.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
JoAnn Acosta

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2025, at _____ I mailed to _____ _____

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____

*NAME OF PREPARER           TITLE
_____
ADDRESS
_____
CITY            STATE        ZIP

_____
_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

     The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

     This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

     Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

Filed on September 26, 2025
4:50:01 PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Acosta, Joann

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:    **KETER GROUP, INC. f/n/a KETER US INC.**, which may be served with process by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, TX 78711-2079 who shall then forward to KETER GROUP, INC. f/n/a KETER US INC. by serving its registered agent, CT CORPORATION SYSTEM, 1200 S. PINE RD. PLANTATION, FL 33324

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384ᵗʰ Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 18th day of September, 2025, by Attorney at Law, JONATHAN H HUERTA, 2104 E YANDELL DRIVE, SUITE O, EL PASO, TX  79903 in this case numbered **2025DCV4186** on the docket of said court, and styled:

**SUZANNE M. CASSIDY**
**vs.**
**LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC.,**
**Individually, Jointly and Severally, and/or KETER GROUP INC., Individually, Jointly and Severally, and as Representative,**
**and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC,**
**Individually, Jointly and Severally, and/or ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER**
**GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS**
**MANUFACTURING CO., INC., Individually, Jointly and Severally**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 26th day of September, 2025.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
JoAnn Acosta

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2025, at _____ I mailed to _____
_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____

_____
                                                    TITLE

_____
*NAME OF PREPARER                     TITLE

_____
ADDRESS

_____
CITY                          STATE              ZIP

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____ _____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

      This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk
OR

_____
Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas
County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

## CAUSE NO. 2025DCV4186

| | | |
|---|---|---|
| SUZANNE M. CASSIDY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | EL PASO COUNTY, TEXAS |
| | § | |
| LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC., Individually, Jointly and Severally, and/or KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC, Individually, Jointly and Severally, and/or ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally | § | |
| Defendant. | § | 384TH DISTRICT COURT |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Sep 30, 2025, 12:10 pm**,

**CITATION, PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **1416 North University Avenue, Lubbock, TX 79415** within the county of **Lubbock** at **02:54 PM** on **Wed, Oct 01 2025**, by delivering a true copy to the within named

**Adams Manufacturing Company Inc C/O RA JAMES ADAMS**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Ivan Adame**, I am at least 18 years old, and my address is **4414 82nd Street Ste. 212-329, Lubbock, TX 79424**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Lubbock** County, State of **TX**, on **October 01, 2025**.

_Ivan Adame_

**Ivan Adame**
**Certification Number: PSC13563**
**Certification Expiration: 3/31/2026**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

JONATHAN HUERTA on behalf of Jonathan Huerta
Bar No. 24050790
lambolaw915@gmail.com
Envelope ID: 106424416
Filing Code Description: No Fee Documents
Filing Description: citation return
Status as of 10/6/2025 9:53 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/3/2025 11:50:25 AM | SENT |

Norma Favela Barceleau
District Clerk
El Paso County
2025DCV4186

## CAUSE NO. 2025DCV4186

| | | |
|---|---|---|
| SUZANNE M. CASSIDY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | 384TH JUDICIAL DISTRICT |
| | § | |
| LOWES HOME CENTERS. LLC, Individually, Jointly and | § | |
| Severally, and/or, KETER GROUP INC., Individually, | § | |
| Jointly and Severally, and/or KETER GROUP INC., | § | |
| Individually, Jointly and Severally, and as | § | |
| Representative, and/or The Parent Company of a | § | |
| Subsidiary, KETER US INC, Individually, Jointly and | § | |
| Severally, and/or KETER US INC, Individually, Jointly | § | |
| and Severally, and/or ADAMS MANUFACTURING CO., | § | |
| INC., Individually, Jointly and Severally. KETER GROUP | § | |
| INC., Individually, Jointly and Severally, and as | § | |
| Representative, and/or The Parent Company of a | § | |
| Subsidiary ADAMS MANUFACTURING CO., INC., | § | |
| Individually, Jointly and Severally | § | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Andrew Swatzell** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 29, 2025, 8:44 am,**

CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at **211 East 7th Street Ste 620, Austin, TX 78701** within the county of TRAVIS at **12:00 PM** on **Mon, Sep 29 2025**, by delivering a true copy to the within named

**LOWES HOME CENTERS, LLC, WHICH MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY BY DELIVERING TO MAK HAYES, INTAKE AGENT**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Andrew Swatzell
Certification Number: PSC-18592
Certification Expiration: 9/30/2026

**BEFORE ME,** a Notary Public, on this day personally appeared **Andrew Swatzell,** known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON 9/30/2025**

Notary Public, State of Texas

CARLY SWATZELL
Notary Public, State of Texas
Comm. Expires 09-14-2029
Notary ID 133330082

## CAUSE NO. 2025DCV4186

| | | |
|---|---|---|
| SUZANNE M. CASSIDY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 384TH JUDICIAL DISTRICT |
| | § | |
| LOWES HOME CENTERS. LLC, Individually, Jointly and | § | |
| Severally, and/or, KETER GROUP INC., Individually, | § | |
| Jointly and Severally, and/or KETER GROUP INC., | § | |
| Individually, Jointly and Severally, and as | § | |
| Representative, and/or The Parent Company of a | § | |
| Subsidiary, KETER US INC, Individually, Jointly and | § | |
| Severally, and/or KETER US INC, Individually, Jointly | § | |
| and Severally, and/or ADAMS MANUFACTURING CO., | § | |
| INC., Individually, Jointly and Severally. KETER GROUP | § | |
| INC., Individually, Jointly and Severally, and as | § | |
| Representative, and/or The Parent Company of a | § | |
| Subsidiary ADAMS MANUFACTURING CO., INC., | § | |
| Individually, Jointly and Severally | § | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Andrew Swatzell** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 29, 2025, 8:44 am,**

### CITATION, PLAINTIFF'S ORIGINAL PETITION, $55 FEE

and was executed at **1019 Brazos St, Austin, TX 78701** within the county of **TRAVIS** at **2:18 PM** on **Mon, Sep 29 2025,** by delivering a true copy to the within named

**KETER GROUP, INC. f/n/a KETER US INC.,** which may be served with process by serving the Secretary of State of Texas
**BY DELIVERING TO MICHELLE ROBINSON, AUTHORIZED TO ACCEPT**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Andrew Swatzell
Certification Number: PSC-18592
Certification Expiration: 9/30/2026

**BEFORE ME,** a Notary Public, on this day personally appeared **Andrew Swatzell**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON 9/30/2025**

Notary Public, State of Texas

CARLY SWATZELL
Notary Public, State of Texas
Comm. Expires 09-14-2029
Notary ID 133330082

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106424944
Filing Code Description: No Fee Documents
Filing Description: citation return
Status as of 10/6/2025 9:57 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/3/2025 11:58:03 AM | SENT |

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of EL PASO**                    **384 District Court**

Case Number: 2025DCV4186

Plaintiff: **SUZANNE M. CASSIDY**
vs.
Defendant: **LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC.,**

**Individually, Jointly and Severally, and/or KETER GROUP INC.,
Individually, Jointly and Severally, and as Representative,
and/or The Parent Company of a Subsidiary, KETER US INC,
Individually, Jointly and Severally, and/or KETER US INC,
Individually, Jointly and Severally, and/or ADAMS
MANUFACTURING CO., INC., Individually, Jointly and Severally.
KETER
GROUP INC., Individually, Jointly and Severally, and as**

For:
JONATHAN H HUERTA
THE HUERTA LAW GROUP, PLLC
2104 E YANDELL DRIVE, SUITE O,
EL PASO, TX 79903

Received by VERONICA BURGES PROCESS SERVICE on the 1st day of October, 2025 at 10:22 am to be served on **KETER GROUP, INC. f/n/a KETER US INC., REGISTERED AGENT CT CORPORATION SYSTEM, 1200 S PINE ISLAND ROAD, PLANTATION, FL 33324**

I, Andrew Karp, being duly sworn, depose and say that on the **1st day of October, 2025** at **2:30 pm, I:**

served a **CORPORATION** by delivering a true copy of the **CITATION, PLAINTIFF'S ORIGINAL PETITION** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **SPECIALIST AT R/A** for **KETER GROUP, INC. f/n/a KETER US INC.,**, at the address of: **1200 S PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing instrument and the facts stated in it are true. Pursuant to F.S. 92.525(2). Notary not required.

Susan D. Pineiro
Comm.: HH 717537
Expires: Nov. 7, 2029
Notary Public - State of Florida

Subscribed and Sworn to before me on the 1st day of October, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**Andrew Karp**
SPS #260

**VERONICA BURGES PROCESS SERVICE**
(915) 479-4848

Our Job Serial Number: SDP-2025005819

Susan D. Pineiro
Comm.: HH 717537
Expires: Nov. 7, 2029
Notary Public - State of Florida

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

JONATHAN HUERTA on behalf of Jonathan Huerta
Bar No. 24050790
lambolaw915@gmail.com
Envelope ID: 106425305
Filing Code Description: No Fee Documents
Filing Description: citation return
Status as of 10/6/2025 9:55 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/3/2025 12:03:19 PM | SENT |

**CAUSE NO. 2025DCV4186**

| | | |
|---|---|---|
| SUZANNE M. CASSIDY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | EL PASO COUNTY, TEXAS |
| | § | |
| LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC., Individually, Jointly and Severally, and/or KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC, Individually, Jointly and Severally, and/or ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally | § | |
| Defendant. | § | 384TH DISTRICT COURT |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Sep 30, 2025, 12:10 pm**,

CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1416 North University Avenue, Lubbock, TX 79415** within the county of **Lubbock** at **02:54 PM** on **Wed, Oct 01 2025**, by delivering a true copy to the within named

**Adams Manufacturing Company Inc C/O RA JAMES ADAMS**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Ivan Adame**, I am at least 18 years old, and my address is **4414 82nd Street Ste. 212-329, Lubbock, TX 79424**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Lubbock** County, State of **TX**, on **October 01, 2025**.

_Ivan Adame_

_____

**Ivan Adame**
**Certification Number: PSC13563**
**Certification Expiration: 3/31/2026**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

JONATHAN HUERTA on behalf of Jonathan Huerta
Bar No. 24050790
lambolaw915@gmail.com
Envelope ID: 106426004
Filing Code Description: No Fee Documents
Filing Description: citation request
Status as of 10/6/2025 9:56 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/3/2025 12:13:56 PM | SENT |

IN THE 384TH DISTRICT COURT

OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| SUZANNE M. CASSIDY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2025DCV4186 |
| | § | |
| LOWES HOME CENTERS, LLC, | § | |
| Individually, Jointly, and Severally, and/or | § | |
| KETER GROUP, INC., Individually, | § | |
| Jointly and Severally, and/or KETER | § | |
| GROUP INC., Individually, Jointly and | § | |
| Severally, and as Representative, and/or | § | |
| The Parent Company of a Subsidiary, | § | |
| KETER US INC., Individually, Jointly and | § | |
| Severally, and/or ADMAS | § | |
| MANUFACTURING CO., INC., | § | |
| Individually, Jointly and Severally, KETER | § | |
| GROUP INC., Individually, Jointly, and | § | |
| Severally, and as Representative, and/or | § | |
| The Parent Company of a Subsidiary | § | |
| ADMAS MANUFACTURING CO., Inc., | § | |
| Individually, Jointly and Severally, | § | |
| | § | |
| Defendants, | § | |
| | § | |

**LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

LOWE'S HOME CENTERS, LLC respectfully files this Answer to Plaintiff's Original

Petition:

**GENERAL DENIAL**

1.      Pursuant to Texas Rule of Civil Procedure 92, LOWE'S HOME CENTERS, LLC asserts

a general denial to the material allegations contained in Plaintiff's Original Petition and demands

strict proof thereof.

1

**RIGHT TO SUPPLEMENT/AMEND**

2.      Pursuant to the Texas Rules of Civil Procedure, LOWE'S HOME CENTERS, LLC reserves the right to supplement or amend this pleading at a later date.

WHEREFORE, LOWE'S HOME CENTERS, LLC prays that SUZANNE M. CASSIDY takes nothing by reason of this suit and that LOWE'S HOME CENTERS, LLC be awarded its costs, attorney's fees, and such other and further relief to which it may be so justly entitled at law or in equity.

Respectfully submitted,

KEMP SMITH LLP
P.O. Drawer 2800
El Paso, Texas 79999-2800
(915) 533-4424
(915) 546-5360 (FAX)

By: _____
VALERIE R. AUGER
State Bar No. 24076251
Valerie.Auger@kempsmith.com

*Attorneys for Lowe's Home Centers, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all parties through their counsel of record via the Court's electronic filing system and/or email on this 20th day of October, 2025.

_____
VALERIE R. AUGER

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Valerie Auger on behalf of Valerie Auger
Bar No. 24076251
Valerie.Auger@kempsmith.com
Envelope ID: 107069355
Filing Code Description: Answer/Response
Filing Description: Lowe's Home Centers, LLC's Answer to Plaintiff's Original Petition
Status as of 10/21/2025 10:53 AM MST

Associated Case Party: SuzanneMCassidy

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/20/2025 5:03:28 PM | SENT |

Associated Case Party: Lowes Home Centers, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Valerie R.Auger | | Valerie.Auger@kempsmith.com | 10/20/2025 5:03:28 PM | SENT |
| Greta Duran | | greta.duran@kempsmith.com | 10/20/2025 5:03:28 PM | SENT |
| Bobby Macias | | bmac@kempsmith.com | 10/20/2025 5:03:28 PM | SENT |

## IN THE DISTRICT COURT, 384TH JUDICIAL DISTRICT
## OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **SUZANNE M. CASSIDY,** *Plaintiff,* | § § § | |
| **V.** | § § | |
| **LOWES HOME CENTERS, LLC,** *Individually, Jointly and Severally,* | § § § | |
| And/or, | § § | |
| **KETER GROUP INC.,** Individually, Jointly and Severally, and/or | § § § | |
| **KETER GROUP INC.,** Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, **KETER US INC.,** *Individually, Jointly and Severally and/or* | § § § § § § § § | **CAUSE NO. 2025DCV4186** |
| **KETER US INC.,** *Individually, Jointly and Severally.* | § § § | |
| **KETER GROUP INC.,** Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, **ADAMS MANUFACTURING CO., INC.,** *Individually, Jointly and Severally.* | § § § § § § § | |
| *Defendants.* | § § | |

### <u>ADAM'S PAINT MANUFACTURING, LLC'S PLEA TO THE JURISDICTION</u>

COMES NOW, Defendant Adams Manufacturing, Co., Inc., (hereafter"Adams Paint")

and files this Adam's Paint Manufacturing, LLC's Plea to the Jurisdiction (hereafter "Plea to the

Jurisdiction") and would respectfully show the Court as follows:

*Plea to the Jurisdiction*                                                                 Page **1** of **6**

# I.
# <u>BACKGROUND</u>

1.      On September 18, 2025, Suzanne M. Cassidy filed a petition against several organizations, including Adams Manufacturing Co., Inc., *See Plaintiffs Live Petition*. (hereafter "Petition")

2.      In filing, Plaintiff erroneously named Adams Paint, a mom and pop shop out of Lubbock, Texas, which sells paint, as a Defendant in this suit. *See Plaintiffs Live Petition*. Adams Manufacturing in Lubbock, Texas, does not manufacture any of the goods identified in Suzanne M. Cassidy's live pleadings. Exhibit A and Exhibit B.

3.      Plaintiff requested citation and served James Adams ("Mr. Adams") on behalf of the Lubbock Company, Adams Paint. Exhibit D.

4.      The correct party to serve in this suit is the Adams Manufacturing Co., Inc., located in 109 West Park Road, Portersville, Pennsylvania, 16051-2209. Exhibit C.

4.      Mr. Adams reached out to Plaintiff's counsel, informing Mr. Jonathon Huerta that this is a case of mistaken identity and Mr. Jonathon Huerta was looking for a company with the same name in Pennsylvania. Exhibit E.

5.      On October 3, 2025, Mr. Jonathon Huerta acknowledged the mistake and informed Mr. Adams that he was going to non-suit so Mr. Adams did not have to worry about the matter. Exhibit E.

6.      Mr. Adams followed up again and on October 15, 2025, Mr. Jonathon Huerta assured Mr. Adams that the non-suit document had been e-filed and was waiting for a timestamp. Exhibit E.

7.      It has become necessary to file this Plea to the Jurisdiction as numerous phone

calls to the clerk have demonstrated that Suzanne M. Cassidy has filed no such non-suit despite the lack of justiciable controversy between the parties and service upon a party she never intended to join in this suit.

**Exhibits to this Proceeding**

Exhibit A: Declaration of James Michael Adams on behalf of Adams Manufacturing Co., Inc., in Texas.

Exhibit B: Public Information Report from Adams Manufacturing Co. Inc., in Texas.

Exhibit C: Address and information for Adams Manufacturing Co., Inc., in Pennsylvania

Exhibit D: Return citation on Texas Entity.

Exhibit E: Conversation between Mr. Adams and Suzanne Cassidy's counsel.

## II.
## <u>PLEA TO JURISDICTION</u>

8.  It is a threshold issue that a court must have subject-matter jurisdiction over every claim brought before it. Standing is a prerequisite to subject-matter jurisdiction, and subject matter jurisdiction is essential to a court's power to decide a case. A plea to the jurisdiction is a dilatory plea the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland I.S.D v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) and *Tex. Dept. of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999) (per curiam).

9.  Here, Plaintiff does not have standing to prosecute the causes of action asserted against these Defendants, and thus, this Court does not have subject matter jurisdiction over any such claim or cause.

10.  A trial Court's review of a plea to the jurisdiction challenging the existence of

jurisdictional facts "mirrors" that of a traditional summary judgment. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228, 47 Tex. Sup. Ct. J. 386 (Tex. 2004). The burden then shifts to the plaintiff to demonstrate that there is a disputed issue of material fact regarding the jurisdictional issue. *Id*. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*.

11.    A prerequisite to every lawsuit is a ripe and justiciable controversy amongst the parties. *Southwestern Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 685 (Tex. 2020) (internal citations omitted). No such controversy exists in the case at bar. Adams Paint Manufacturing has no relation to the events outlined in Suzanne Cassidy's Original Petition.

12.    Suzanne Cassidy's counsel even admitted that the wrong party was served and agreed that a non-suit was going to be filed due to the mistaken identity.

13.    The appropriate party to serve is Adams Manufacturing whose principal office is located at 109 West Park Road, Portersville, PA 16051-2209.

14.    All material facts before this Court demonstrate that Adams Paint has nothing to do with case at bar and no justiciable controversy exists between Suzanne Cassidy and Adams Manufacturing Co., Inc., out of Lubbock, Texas.

15.    Despite providing Suzanne Cassidy with time to remedy this fatal jurisdictional defect and join the appropriate party to this suit, she has failed to do so, necessitating the employment of the undersigned counsel.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Adams Manufacturing Co. Inc., out of Lubbock, Texas respectfully requests that this Court grant this Plea to the Jurisdiction and dismiss the claims against Adams Manufacturing Co. Inc. and grant it its reasonable and necessary attorney fees after notice and a hearing on the same.

Respectfully submitted,


/s/ *Jimmy Vaughn*
J. PAUL MANNING
State Bar No. 24002521
JIMMY D. VAUGHN
State Bar No. 24126849

FIELD MANNING STONE AYCOCK P.C.
A Professional Corporation
2112 Indiana Avenue
Lubbock, Texas 79410-1444
 806/792-0810 (Telephone)
806/792-9148 (Facsimile)
Email: jpmanning@lubbocklawfirm.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument was served on the attorneys of record via E-filing of Texas on October 21, 2025, as follows:

**LamboLaw915@gmail.com**
**Jonathan H. Contreras Huerta**
**The Huerta Law Group, PLLC**
**2104 E. Yandell, Suite O**
**El Paso, Texas 79930**
*Attorney for Suzanne M. Cassidy*

/s/ *Jimmy Vaughn*
JIMMY VAUGHN

**EXHIBIT**

**A**

## <u>DECLARATION OF JAMES ADAMS</u>

| | |
|---|---|
| State of Texas | § |
| County of Lubbock | § |

I, James Michael Adams declare the following:

1. My name is JAMES MICHAEL ADAMS
2. I am over the age of eighteen (18), of sound mind, and I am fully competent to make this declaration. I have never been convicted of a felony or a crime of moral turpitude.
3. All of the statements contained in this declaration are based on my personal knowledge and are true and correct.
4. I am an authorized representative of Adams Manufacturing Co., Inc., and secretary of same, and am authorized to make the statements herein on behalf of same.
5. Adams Manufacturing Co., Inc., is a Lubbock, Texas, authorized to do business in Texas. A true and correct copy of the Texas Franchise Report is attached hereto as Exhibit B.
6. Adams Manufacturing Co., Inc., is not affiliated with the entity Adams Manufacturing Co., Inc., out of Portersville, Pennsylvania.
7. Adams Manufacturing Co., Inc., of Lubbock, Texas, does not manufacture or sell the items identified in Suzanne Cassidy's petition.
8. I personally reached out to counsel for Suzanne Cassidy to inform him that they mistakenly served the wrong company.
9. A true and correct copy of those conversation are attached hereto as Exhibit D.
10. Suzanne Cassidy's counsel informed me that they had filed a non-suit and were waiting for the filing system to accept the same.

_____
James Micheal Adams, Declarant

### JURAT

My name is James Adams, my date of birth is July 16, 1978 and my address is 4612 N. County Road 1900 Lubbock, Texas, 79415. I declare under penalty of perjury that every statement in the foregoing Declaration is within my personal knowledge and is true and correct:

Executed in Lubbock County, State of Texas, on the 15th day of February 2021.

_____
James Michael Adams, Declarant

**EXHIBIT B**

05-102
(Rev.9-15/33)

Comptroller of Public Accounts FORM

# Texas Franchise Tax Public Information Report

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions*

■ **Tcode** 13196 Franchise

■ Taxpayer number: 1 7 5 1 3 3 6 3 1 2 1

■ Report year: 2 0 2 4

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

| Taxpayer name | ADAMS MANUFACTURING CO., INC | ○ Blacken circle if the mailing address has changed. |
|---|---|---|

| Mailing address | PO BOX 5276 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| City LUBBOCK | State TX  ZIP code plus 4 79408 | 0028556600 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | PO BOX 5276, LUBBOCK, TX, 79408 |
|---|---|
| Principal place of business | PO BOX 5276, LUBBOCK, TX, 79408 |

*You must report officer, director, member, general partner and manager information as of the date you complete this report.*

1000000000015

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration (mm dd yy) |
|---|---|---|---|
| RON ADAMS | PRESIDENT | ● YES | |
| Mailing address 103 N YORK | City LUBBOCK | State TX | ZIP Code 79416 |
| JAMES T ADAMS | VICE-PRESIDENT | ● YES | |
| Mailing address 1416 N UNIVERSITY | City LUBBOCK | State TX | ZIP Code 79415 |
| JAMES M ADAMS | SECRETARY | ● YES | |
| Mailing address 1416 N UNIVERSITY | City LUBBOCK | State TX | ZIP Code 79415 |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | *You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.* |
|---|---|
| Agent: JAMES M ADAMS | |
| Office: 1416 N UNIVERSITY AVE  City LUBBOCK  State TX  ZIP Code 79415 | |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | JAMES M ADAMS | Title President | Date 05/14/2024 | Area code and phone number ( 806 ) 763 - 2944 |
|---|---|---|---|---|

## Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)
Comptroller of Public Accounts FORM

# Texas Franchise Tax Public Information Report

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions*

■ **Tcode** 13196 Franchise

■ Taxpayer number

| 1 | 7 | 5 | 1 | 3 | 3 | 6 | 3 | 1 | 2 | 1 |
|---|---|---|---|---|---|---|---|---|---|---|

■ Report year

| 2 | 0 | 2 | 4 |
|---|---|---|---|

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

Taxpayer name
**ADAMS MANUFACTURING CO., INC**

○ Blacken circle if the mailing address has changed.

Mailing address
**PO BOX 5276**

Secretary of State (SOS) file number or Comptroller file number

| City **LUBBOCK** | State **TX** | ZIP code plus 4 **79408** | **0028556600** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**PO BOX 5276, LUBBOCK, TX, 79408**

Principal place of business
**PO BOX 5276, LUBBOCK, TX, 79408**

*You must report officer, director, member, general partner and manager information as of the date you complete this report.*

***Please sign below!*** **This report must be signed to satisfy franchise tax requirements.**

1000000000015

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name **RON ADAMS** | Title | Director ● YES | Term expiration | m | m | d | d | y | y |
|---|---|---|---|---|---|---|---|---|---|

| Mailing address **305 PALOMINO** | City **LUBBOCK** | State **TX** | ZIP Code **79404** |

| Name **JAMES T ADAMS** | Title | Director ● YES | Term expiration | m | m | d | d | y | y |
|---|---|---|---|---|---|---|---|---|---|

| Mailing address **PO BOX 5276** | City **LUBBOCK** | State **TX** | ZIP Code **79408** |

| Name **JAMES M ADAMS** | Title | Director ● YES | Term expiration | m | m | d | d | y | y |
|---|---|---|---|---|---|---|---|---|---|

| Mailing address **824 AVENUE S** | City **SHALLOWATER** | State **TX** | ZIP Code **79363** |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

Agent: **JAMES M ADAMS**

| Office: **1416 N UNIVERSITY AVE** | City **LUBBOCK** | State **TX** | ZIP Code **79415** |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | **JAMES M ADAMS** | Title **President** | Date **05/14/2024** | Area code and phone number **( 806 ) 763 - 2944** |

## Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |

 

EXHIBIT

C

Product Search

 | **Shop Bulk Suction Cup eStore**

[ Back to Iconic American-Made Outdoor Resin Furniture ]

Home    Company    Products    Resources    Careers    Contact

# Adams Manufacturing

109 West Park Road

Portersville, PA 16051-2209

Tel: 800-237-8287



**109 W Park Rd**

109 W Park Rd, Portersville, PA 16051

Directions

View larger map

## Contact Us

Adams Manufacturing is now part of Keter. If you have questions or comments relating to our products or company, please feel free to contact us using this link*

Contact Us

*By clicking on Contact Us form link you will be forwarded to https://www.keter.com/en-us/ website, and you agree to the Keter Privacy Policy set forth at https://www.keter.com/en-us/privacy-policy.html and agree that your

 An Official **Pennsylvania** Government Website

 **pennsylvania**
DEPARTMENT OF STATE

Business     UCC     Trademark     CROP

Login

## Home

## Search

## Initial Forms

## Help

# Business Search

*As of 10/21/2025 we have processed all business filings received in our office through 10/19/2025.*

Business Search Info:    ⌄

Adams Manufacturing    🔍

Advanced ⌄

Results: 3

| Filing Information ⬍ | Initial Filing Date ⬍ | Status ⬍ | Entity Type |
|---|---|---|---|
| ADAMS MANUFACTURING CO. (5635511) ⟩ | 04/07/1914 | Active - County Orphan | County Orphan |
| ADAMS MANUFACTURING CO (3375) ⟩ | 01/01/1753 | Inactive - Withdrawn - Consolidated Inactive | Domestic Business Corp |

ADAMS MANUFACTURING COMPANY (640448)


File Annual Report


Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 11/22/1977 |
| *Status* | Active |
| *Formed In* | PENNSYLVANIA |
| *Filing Type* | Domestic Business Corporation |
| *Filing Subtype* | Business |
| ! *Annual Report Due Date* | 06/30/2025 |
| *Registered Office* | 628 WEST WAYNE AVE, P.O. BOX 431 WAYNE, PA 19087-0 County: Delaware |
| *Officers* | President ROBERT C MORGAN |


View History


Request Access

‹

Skip to main content

**vania** Government Website

Business    UCC    Trademark    CROP

Home

ADAMS MANUFACTURING COMPANY (640448) | 11/22/1977 | Active | Dom Busi Corp

Search

ACCESSIBILITY    PRIVACY & DISCLAIMERS

TRANSLATION DISCLAIMER    SECURITY

Initial Forms

Help

### ADAMS MANUFACTURING COMPANY (640448)

File Annual Report

Request Certificate

| | |
|---|---|
| Initial Filing Date | **11/22/1977** |
| Status | **Active** |
| Formed In | **PENNSYLVANIA** |
| Filing Type | **Domestic Business Corporation** |
| Filing Subtype | **Business** |
| ⚠ *Annual Report Due Date* | **06/30/2025** |
| Registered Office | **628 WEST WAYNE AVE, P.O. BOX 431 WAYNE, PA 19087-0 County: Delaware** |
| Officers | **President ROBERT C MORGAN** |

View History

Request Access

‹

Norma Favela Barceleau
District Clerk
El Paso County
2025DCV4186

**CAUSE NO. 2025DCV4186**

<div style="border: 3px solid black;">

**EXHIBIT**

**D**

</div>

| | | |
|---|---|---|
| SUZANNE M. CASSIDY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | EL PASO COUNTY, TEXAS |
| | § | |
| LOWES HOME CENTERS. LLC, Individually, Jointly and Severally, and/or, KETER GROUP INC., Individually, Jointly and Severally, and/or KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, KETER US INC, Individually, Jointly and Severally, and/or KETER US INC, Individually, Jointly and Severally, and/or ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally. KETER GROUP INC., Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary ADAMS MANUFACTURING CO., INC., Individually, Jointly and Severally | § | |
| Defendant. | § | 384TH DISTRICT COURT |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Sep 30, 2025, 12:10 pm**,

**CITATION, PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **1416 North University Avenue, Lubbock, TX 79415** within the county of **Lubbock** at **02:54 PM** on **Wed, Oct 01 2025**, by delivering a true copy to the within named

**Adams Manufacturing Company Inc C/O RA JAMES ADAMS**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Ivan Adame**, I am at least 18 years old, and my address is **4414 82nd Street Ste. 212-329, Lubbock, TX 79424**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Lubbock** County, State of **TX**, on **October 01, 2025**.

_Ivan Adame_

_____

**Ivan Adame**
**Certification Number: PSC13563**
**Certification Expiration: 3/31/2026**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

JONATHAN HUERTA on behalf of Jonathan Huerta
Bar No. 24050790
lambolaw915@gmail.com
Envelope ID: 106426004
Filing Code Description: No Fee Documents
Filing Description: citation request
Status as of 10/6/2025 9:56 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/3/2025 12:13:56 PM | SENT |

Copy from re:SearchTX



**EXHIBIT E**

**From:** Jonathan Huerta <lambolaw915@gmail.com>
**Sent:** Wednesday, October 15, 2025 1:48 PM
**To:** James Adams
**Subject:** Re: Suzanne Cassidy Vs. Lowes Home Centers FINAL REQUEST

Afternoon sir, my apologies, the docs were a first order of business of that day. We use Efile, which is apparently is experiencing lengthy delay in being "time stamped." of which makes the document legal. As a temporary fix, I can send you the "submitted" and "received" envelope, attached with document itself. I will insert your email so that you will receive confirmation of its acceptance and eventually signing by the Judge.

Sir, I am not trying or aiming to vex you, nor do I take my service of process lightly, you are not the individual i am looking for, this was not done haphazardly as I spent much search time on the Secretary of State. I assure you a swift and dispositive completion of this matter. I am aware you are a busy individual.

with respect,

Jonathan Heith Contreras Huerta,
txbn: 24050790
nmbn: 24715


*Sincerely,*

*Huerta Law*

**The Huerta Law Firm**
**2104 E Yandell Dr. Suite 0**
**El Paso, Tx 79903**
**Phone:(915)629-9988**
**Text: (915)229-2969**
**Fax:(915)260-4884**
**Fax:(915)777-3119**

1

On Fri, Oct 3, 2025 at 2:34 PM James Adams ███████████████████ wrote:
Thank you for reaching out this afternoon.   Please confirm to this email that you are taking the necessary steps to correct this and remove my company from this suit.   I would like to have the necessary paperwork from the court showing an official release from this no later than 5pm Friday October 10, 2025.

Regards

Jim Adams
Adams Paint Company

███████████████

From: James Adams ████████████████
Sent: Friday, October 3, 2025 8:07 AM
To: lambolaw915@gmail.com <lambolaw915@gmail.com>
Cc: Levi Siebenlist <levi@lubbocklawfirm.com>
Subject: Suzanne Cassidy Vs. Lowes Home Centers FINAL REQUEST

The two previous emails to you and two previous phone messages left with your secretary have resulted in no response from you.  I am sending this final request asking you to take immediate efforts to correct your mistake.   If I have not received your response by 8am CST on Monday Oct 6, 2025 I will pass this on to my attorneys, who I have copied on this final attempt to amicably resolve this issue.  I will request they file a grievance with the State Bar of Texas and to collect from your firm all associated expenses from their efforts to resolve this case.

I very much want to give you every opportunity to correct this matter and not have to purse any other avenues to get it resolved.   Your immediate attention to this major error is required.

Regards,

Jim Adams
Adams Paint Company

████████████████

From: James Adams ████████████████
Sent: Thursday, October 2, 2025 11:00 AM
To: lambolaw915@gmail.com <lambolaw915@gmail.com>
Subject: Suzanne Cassidy Vs. Lowes Home Centers 2ND REQUEST

I am currently awaiting your response in regard to my company being misidentified in this lawsuit.  I would like to get this resolved immediately and amicably.

Regards,

Jim Adams
Adams Paint Company

███████████████

---

**From:** James Adams ████████████████████
**Sent:** Wednesday, October 1, 2025 3:06 PM
**To:** lambolaw915@gmail.com <lambolaw915@gmail.com>
**Subject:** Suzanne Cassidy Vs. Lowes Home Centers

I was served lawsuit papers just now.  Your firm has confused my company with the correct defendant.  My company is  Adams Manufacturing Co. Inc. Federal EIN 75-1336312.   We are located at 1416 N University Ave Lubbock, TX 79415.   We are not and have never been part of Ketter Group Inc.   We are a small family-owned C Corp that sells paint.

We do not and have never made or sold patio furniture.    Please confirm the receipt of this and update the court filing releasing my company from this suit.

Regards,

Jim Adams
Adams Paint Company

███████████████

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

3

11:59

← 👤 (915) 358-8830 📞 ⋮

Friday, Oct 3 • 7:21 PM

Texting with (915) 358-8830 (SMS/MMS)

Afternoon sir, Jonathan Huerta on Lowe's. The incident is cured, I will have a nonsuit filed, tonite with effect as of Monday.

Thank you very much.

---

**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report
Corporation name and address

ADAMS MANUFACTURING CO., INC
P.O. BOX 5276
LUBBOCK          TX 79408-5276

PIR / IND          ☐ 1, 2, 3, 4
Secretary of State file number or, if none,
Comptroller unchartered number
Item k on Franchise
Tax Report
form, Page 1          0028556600

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.     **Please sign below!**
"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.

☐ Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

Corporation's principal office
P.O. BOX 5276, LUBBOCK, TX      LUBBOCK          TX 79408-5276

Principal place of business
P.O. BOX 5276, LUBBOCK, TX      LUBBOCK          TX 79408-5276

**SECTION A**   Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optiona |
|---|---|---|---|
| JAMES ADAMS | P | ☒ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy |
| LUBBOCK, TX 79416 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optio |
| CELIA ADAMS | S | ☒ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-y |
| LUBBOCK, TX 79416 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Opti |
| RON L. ADAMS | V | ☒ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd |
| 5713 AUBURN DR. | LUBBOCK, TX 79416 | | |
| NAME | TITLE | DIRECTOR | Social Security No. (O |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm- |
| NAME | TITLE | DIRECTOR | Social Security No. ( |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (m |

**SECTION B.**   List each corporation in which this reporting corporation owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. If none, enter "NONE." Use additional sheets, if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Perc |
|---|---|---|---|
| NONE | | | |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Pe |

**SECTION C.**   List each corporation that owns an interest of ten percent (10%) or more in this reporting corporation.

---

⊕  Text message          ☺  🖼️  ۰�memۘ

11:56

(915) 358-8830

MAILING ADDRESS | LUBBOCK, TX 79416

| NAME | TITLE | DIRECTOR | Social Security No. (Opt |
|---|---|---|---|
| RON L. ADAMS | V | ☒ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd |
| 5713 AUBURN DR. | LUBBOCK, TX 79416 | | |
| NAME | TITLE | DIRECTOR | Social Security No. (O |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm- |
| NAME | TITLE | DIRECTOR | Social Security No. ( |
| | | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (m |

**SECTION B.** List each corporation in which this reporting corporation owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. If none, enter "NONE." Use additional sheets, if necessary.

| Name of owned (subsidiary) corporation | State of Incorporation | Texas S.O.S. file number | Perc |
|---|---|---|---|
| NONE | | | |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Per |

**SECTION C.** List each corporation that owns an interest of ten percent (10%) or more in this reporting corporation. Enter the information requested for each corporation. If none, enter "NONE." Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas SOS file number | |
|---|---|---|---|
| JAMES ADAMS | | | |

Registered agent and registered office currently on file. (Changes must be filed separately with the Secretary of State.)

Agent: JAMES T ADAMS
Office: 1416 N. UNIVERSITY
LUBBOCK          TX 79415

☐ Check here if you need to change this informa

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report ha been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or a related corporation

sign ▸ here | Officer, director, or other authorized person *Cecilia Adams* | Title *Dir. Tras* | Date *5-6-03* | Daytime pho *806*

It was not for want of effort, my apologies.

Enjoy your evening

Tuesday • 10:30 AM

Can you please email documentation that my company has been removed from this suit? ███████████

Thanks

10:30 AM SMS

⊕  Text message          ☺   🖼️   ılıılı

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Torrey Gray on behalf of Jimmy Vaughn
Bar No. 24126849
tgray@lubbocklawfirm.com
Envelope ID: 107124472
Filing Code Description: No Fee Documents
Filing Description: Adam's Paint Manufacturing, LLC's Plea to the Jurisdiction
Status as of 10/22/2025 9:25 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Greta Duran | | greta.duran@kempsmith.com | 10/21/2025 3:56:57 PM | SENT |
| Valerie R.Auger | | Valerie.Auger@kempsmith.com | 10/21/2025 3:56:57 PM | SENT |
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/21/2025 3:56:57 PM | SENT |
| Bobby Macias | | bmac@kempsmith.com | 10/21/2025 3:56:57 PM | SENT |

# IN THE DISTRICT COURT, 384TH JUDICIAL DISTRICT
## OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| **SUZANNE M. CASSIDY,** *Plaintiff*, §§§§§ | |
| **V.** §§ | |
| **LOWES HOME CENTERS, LLC,** *Individually, Jointly and Severally,* §§§§ | |
| And/or, §§ | |
| **KETER GROUP INC.,** Individually, Jointly and Severally, and/or §§§ | |
| **KETER GROUP INC.,** Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, **KETER US INC.,** *Individually, Jointly and Severally and/or* §§§§§§§ | **CAUSE NO. 2025DCV4186** |
| **KETER US INC.,** *Individually, Jointly and Severally.* §§§ | |
| **KETER GROUP INC.,** Individually, Jointly and Severally, and as Representative, and/or The Parent Company of a Subsidiary, **ADAMS MANUFACTURING CO., INC.,** *Individually, Jointly and Severally.* §§§§§§§ | |
| *Defendants.* § | |

## NOTICE OF HEARING ON
## ADAMS PAINT MANUFACTURING'S PLEA TO THE JURISDICTION

ADAMS MANUFACTURING CO, INC's Plea to the Jurisdiction, is hereby set to be heard before the Court on Monday, November 17th, 2025, at 9:00 a.m. IN-PERSON in the 384th District Court of El Paso County, Texas.

*Notice of Hearing*                                                                 Page **1** of **3**

Respectfully submitted,


/s/ *Jimmy Vaughn*
JIMMY D. VAUGHN
State Bar No. 24126849

FIELD MANNING STONE AYCOCK P.C.
A Professional Corporation
2112 Indiana Avenue
Lubbock, Texas 79410-1444
 806/792-0810 (Telephone)
806/792-9148 (Facsimile)
Email: jvaughn@lubbocklawfirm.com
ATTORNEYS FOR ADAMS
MANUFACTURING, LLC

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument was served on all attorneys of record via E-filing of Texas on October 22, 2025.


/s/ *Jimmy Vaughn*
JIMMY D. VAUGHN

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Torrey Gray on behalf of Jimmy Vaughn
Bar No. 24126849
tgray@lubbocklawfirm.com
Envelope ID: 107148995
Filing Code Description: Notice
Filing Description: Notice of Hearing
Status as of 10/23/2025 8:10 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Greta Duran | | greta.duran@kempsmith.com | 10/22/2025 10:13:26 AM | SENT |
| J. PaulManning | | jpmanning@lubbocklawfirm.com | 10/22/2025 10:13:26 AM | SENT |
| Valerie R.Auger | | Valerie.Auger@kempsmith.com | 10/22/2025 10:13:26 AM | SENT |
| Jimmy Vaughn | | jvaughn@lubbocklawfirm.com | 10/22/2025 10:13:26 AM | SENT |
| Torrey Gray | | tgray@lubbocklawfirm.com | 10/22/2025 10:13:26 AM | SENT |
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/22/2025 10:13:26 AM | SENT |
| Bobby Macias | | bmac@kempsmith.com | 10/22/2025 10:13:26 AM | SENT |

Norma Favela Barceleau
District Clerk
El Paso County

2025DCV4186

**Valerie R. Auger**

| | |
|---|---|
| **From:** | Jonathan Huerta <lambolaw915@gmail.com> |
| **Sent:** | Thursday, October 23, 2025 2:01 PM |
| **To:** | Valerie R. Auger; Lawrence.Wang@wilsonelser.com |
| **Subject:** | Cassidy v. Lowes & Keter US (2025DCV4186) |

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Hello,

We are emailing just to confirm that we are in agreement to extending your Answering deadline to our Original Petition filed against your client. We will agree to extend your Answering deadline until November 11, 2025.

If you have any further questions feel free to reach us at the contact information listed below.

Thank you and have a great day

*Sincerely,*

*Huerta Law*

*The Huerta Law Firm*
*2104 E Yandell Dr. Suite 0*
*El Paso, Tx 79903*
*Phone:(915)629-9988*
*Text: (915)229-2969*
*Fax:(915)260-4884*
*Fax:(915)777-3119*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107438660
Filing Code Description: Notice
Filing Description: Rule 11 Agreement
Status as of 10/29/2025 3:52 PM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Levi T.Siebenlist | | levi@lubbocklawfirm.com | 10/29/2025 1:29:46 PM | SENT |
| Greta Duran | | greta.duran@kempsmith.com | 10/29/2025 1:29:46 PM | SENT |
| J. PaulManning | | jpmanning@lubbocklawfirm.com | 10/29/2025 1:29:46 PM | SENT |
| Valerie R.Auger | | Valerie.Auger@kempsmith.com | 10/29/2025 1:29:46 PM | SENT |
| Jimmy Vaughn | | jvaughn@lubbocklawfirm.com | 10/29/2025 1:29:46 PM | SENT |
| Torrey Gray | | tgray@lubbocklawfirm.com | 10/29/2025 1:29:46 PM | SENT |
| JONATHAN HUERTA | | lambolaw915@gmail.com | 10/29/2025 1:29:46 PM | SENT |
| Bobby Macias | | bmac@kempsmith.com | 10/29/2025 1:29:46 PM | SENT |