IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SUZANNE M. CASSIDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:25-cv-502-LS/AB |
| | § | |
| LOWES HOME CENTERS, LLC, | § | |
| Individually, Jointly, and Severally, and/or | § | |
| KETER GROUP, INC., Individually, Jointly | § | |
| and Severally, and/or KETER GROUP INC., | § | |
| Individually, Jointly and Severally, and as | § | |
| Representative, and/or The Parent Company | § | |
| of a Subsidiary, KETER US INC., | § | |
| Individually, Jointly and Severally, and/or | § | |
| ADAMS MANUFACTURING CO., INC., | § | |
| Individually, Jointly and Severally, KETER | § | |
| GROUP INC., Individually, Jointly, and | § | |
| Severally, and as Representative, and/or The | § | |
| Parent Company of a Subsidiary ADAMS | § | |
| MANUFACTURING CO., Inc., | § | |
| Individually, Jointly and Severally, | § | |
| | § | |
| Defendants. | § | |

**KETER US, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND FOR FAILURE TO STATE CLAIMS FOR RELIEF**

Pursuant to Federal Rule of Civil Procedure 12, KETER US, INC. ("Keter US") respectfully files this Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State Claims for Relief:

I.       **RELEVANT BACKGROUND**

This lawsuit arises out of the purported failure of a stackable frame stationary conversation chair (the "Product"). *See* Ex. 1 to Notice Removal, Pl.'s Orig. Pet. ¶¶ 28 & 36. Plaintiff SUZANNE M. CASSIDY ("Plaintiff") alleges when she attempted to sit on the Product on September 23, 2023, it "came apart" and "gave way." *See id.* ¶¶ 26 & 28. Plaintiff alleges as a

1

result of the failure of the Product, she was "thrust" to the ground, and her body was "flung" onto her back and neck, which she alleges struck the concrete floor. *Id. ¶* 28.

As a result of the September 23, 2023, incident, on September 18, 2025, Plaintiff sued LOWE'S HOME CENTERS, LLC ("Lowe's"), the location where she attempted to sit on the Product, Keter US, and ADAMS MANUFACTURING CO., which Plaintiff misidentified as the Product's manufacturer.[1] As against Keter US, Plaintiff fails to set forth allegations from which the Court may infer it may exercise personal jurisdiction over Keter US. Further, Plaintiff fails to plead any facts from which the Court may infer Keter US is liable to Plaintiff based on the allegations set forth in the Original Petition. Plaintiff's claims against Keter US, therefore, should be dismissed for lack of personal jurisdiction and/or failure to state claims for relief.

## II.    ARGUMENT AND AUTHORITY

### A.    *The Court Lacks Personal Jurisdiction over Keter US.*

#### 1.    Legal Standard and Applicable Law.

Pursuant to 12(b)(2), a party may assert by motion the defense of lack of personal jurisdiction and seek dismissal of the claims against it. FED. R. CIV. P. 12(b)(2); *Sangha v. Navig8 ShipManagement Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). A plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *See Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). Personal jurisdiction exists where "the forum state's long-arm statute extends to the nonresident defendant and the exercise of jurisdiction comports with due process." *Id.* Texas's long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id.*

---

[1] On information and belief, the Product was manufactured by Adams Mfg. Corp. Plaintiff also sued KETER GROUP, INC. ("Keter Group"). As of the date of this filing, Keter Group has not been properly joined and/or served in the lawsuit, nor has the correct "Adams" entity.

Personal jurisdiction may be general or specific. *See id.* A court has general jurisdiction over a nonresident defendant where the defendant's "'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'" *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "[G]enerally, a corporation's 'home' falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (citing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)).

Specific jurisdiction, on the other hand, "may exist 'over a nonresident defendant whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts.'" *Sangha*, 882 F.3d at 101 (quoting *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016)) (emphasis in original). "'[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). It is focused on "'the relationship among the defendant, the forum, and the litigation.'" *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)). To determine whether the exercise of specific jurisdiction over a non-forum defendant is appropriate, the Court may consider:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona*, 924 F.3d at 193. To determine if the exercise of jurisdiction is fair and reasonable, the Court must balance:

(1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies.

*Sangha*, 882 F.3d at 102.

### 2.      General Jurisdiction Is Lacking.

Keter US is not incorporated in Texas, nor does it maintain its principal place of business in Texas. *See* Ex. A, Nir Ben David Decl. ¶¶ 3 & 7. Keter US is only regarded as being at home in Delaware and Indiana, its place of incorporation and its principal place of business, respectively. *See id.*; *Frank*, 947 F.3d at 337; *Diece-Lisa Indus., Inc.*, 943 F.3d at 250. Consequently, there is no basis upon which the Court may exercise general jurisdiction over Keter US, and Plaintiff's claims should be dismissed for lack of general jurisdiction.

### 3.      Specific Jurisdiction Is Lacking.

As with general jurisdiction, there is no basis upon which the Court may exercise specific jurisdiction over Keter US because Plaintiff's claims do not arise from any contacts Keter US had with Texas prior and up to the alleged September 23, 2023, incident. Based on the allegations set forth in the Original Petition and the information presently known and available about the Product, it does not appear Keter US designed, manufactured, or developed the Product or altered, assembled, or modified the Product. *See* Ex. A, Nir Ben David Decl. ¶ 6. Similarly, it does not appear Keter US marketed, advertised, sold, distributed, supplied, or otherwise placed the Product into the stream of commerce at any time prior or up to the September 23, 2023, incident, nor was Keter US in the chain of distribution of the Product. *Id.*

Further, at no time prior and up to the alleged September 23, 2023, incident did Keter US ever purposefully direct any conduct towards Texas related to the Product. *Id.* ¶ 7. Based on the foregoing, Keter US has no contact, connection, or relationship with the State of Texas regarding

4

the design or manufacture of the Product, and Keter US did not purposefully avail itself of the privilege of conducting activities in Texas with respect to the Product. *Id.* ¶¶ 6 & 8.  Keter US did not advertise, market, or solicit sales for the Product in Texas prior to the alleged incident, nor did it sell or distribute the Product at any time prior to the alleged incident. *Id.*

Plaintiff's claims cannot arise from any forum-related contacts of Keter US because Keter US has no meaningful contacts with Texas in connection with the alleged September 23, 2023, incident. As Plaintiff cannot establish any contacts of Keter US in Texas vis-à-vis the Product or Plaintiff's claims, there is no basis upon which the Court may exercise specific jurisdiction over Keter US. *See Carmona*, 924 F.3d at 193.

Moreover, in light of the absence of any nexus between any contacts Keter US has with the forum, the Product, and Plaintiff's claims, Plaintiff cannot establish it would be fair and reasonable for the Court to exercise personal jurisdiction over Keter US. *See id.* Consequently, there is no basis for the Court to exercise specific jurisdiction over Keter US, and Plaintiff's claims against it should be dismissed for lack of specific jurisdiction.

> **B.      *Plaintiff's Original Petition Fails to State Any Claims for Relief against Keter US Because the Only Allegations Directed at It Are Jurisdictional.***

> 1.      <u>Legal Standard and Applicable Law.</u>

Rule 12(b)(6) permits dismissal of claims if a party fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal citations omitted).

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal quotation marks and citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein indicate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations, 'but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

> 2.    The Original Petition Only Raises Erroneous Jurisdictional Allegations against Keter US and, Therefore, Fails to State Any Claims for Relief against Keter US.

The only allegations raised against Keter US are jurisdictional in nature. That is, Plaintiff (incorrectly) alleges the Court has jurisdiction over Keter US

> because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over KETER US INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

*See* Ex. 1 to Notice Removal, Pl.'s Orig. Pet. ¶ 19. Plaintiff further (erroneously) alleges Keter US has "continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant," "the cause of action arose from or relates to the contacts of Defendant [Keter US], to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant," and Keter US "engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said

6

Defendant committed a tort in whole or in part in Texas." *Id.* ¶¶ 22, 24, & 26. Taking each of these allegations as true, Plaintiff fails to state claims for relief against Keter US.

None of these allegations are directed at liability for any defect related to the Product or for any actual misconduct on the part of Keter US. *See Iqbal*, 556 U.S. at 679. And nowhere else in the Original Petition does Plaintiff otherwise direct any allegations of misconduct at Keter US. *See generally* Ex. 1 to Notice Removal, Pl.'s Orig. Pet. (no allegations of actual misconduct alleged against "Keter US"). Although Plaintiff refers to "Keter Group" being formerly known as "Keter US," Plaintiff's Original Petition acknowledges Keter US is separate from Keter Group, as it expressly identifies "Keter US" as a "subsidiary" of "Keter Group." *See id.* § VII. Given Plaintiff's Original Petition does not allege Keter US manufactured the Product, distributed the Product, sold the Product, altered or modified the Product, or placed the Product into the stream of commerce, Plaintiff's Original Petition fails to state a claim for relief against Keter US. Therefore, all of Plaintiff's causes of action against Keter US should be dismissed with prejudice for failure to state claims for relief pursuant to Rule 12(b)(6).

WHEREFORE, premises considered, KETER US, INC. respectfully requests the Court to grant this Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State Claims for Relief, to dismiss all of Plaintiff SUZANNE M. CASSIDY's claims and causes of action against KETER US, INC. with prejudice, and to award any other and further relief to which KETER US, INC. may be so justly entitled, including reasonable attorney's fees and costs.

*<Signature page follows.>*

7

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
(915) 533-4424
(915) 546-5360 (FAX)

By: _____
VALERIE R. AUGER
State Bar No. 24076251
Valerie.Auger@kempsmith.com

*Attorneys for Lowe's Home Centers, LLC and
Keter US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, a true and correct copy of the foregoing document was served via email on counsel for the parties who have appeared in this case to date.

_____
VALERIE R. AUGER

8