**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SUZANNE M. CASSIDY,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**LOWE'S HOME CENTERS, LLC, INDIVIDUALLY, JOINTLY, AND SEVERALLY; KETER GROUP, INC., INDIVIDUALLY, JOINTLY, AND SEVERALLY, AND AS REPRESENTATIVE AND/OR THE PARENT COMPANY OF A SUBSIDIARY; KETER US, INC., INDIVIDUALLY, JOINTLY, AND SEVERALLY; AND ADAMS MANUFACTURING CO., INC., INDIVIDUALLY, JOINTLY, AND SEVERALLY,**<br><br>***Defendants*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:25-CV-00502-LS** |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Suzanne M. Cassidy sued Defendants for negligence and products liability in state court.[1] Defendants removed the case to federal court.[2] Defendant Keter US, Inc. ("Keter US") moved to dismiss the claims against it for lack of personal jurisdiction and failure to state a claim.[3] Plaintiff failed to respond.[4] For the following reasons, the Court grants the motion to dismiss.

## I. LEGAL STANDARD.

[1] ECF No. 1-1 at 4–30.
[2] ECF No. 1.
[3] ECF No. 6.
[4] Plaintiff's deadline to respond was December 5, 2025. On December 30, 2025, Plaintiff filed a motion for an extension of time to file a response. ECF No. 9. The Court denied this motion with leave to refile, as Plaintiff's proposed response deadline had already passed. Plaintiff then filed another motion for an extension of time, using the same deadline that had already passed. ECF No. 10. The Court denied this motion for the same reason.

### *A. Fed. R. Civ. P. 12(b)(2)*

On a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff "bears the burden of establishing [personal] jurisdiction, but is required to present only *prima facie* evidence."[5] The court must accept uncontroverted allegations from the complaint as true and resolve all factual disputes in the non-movant's favor.[6] The court may consider the entire record, including affidavits, at the time of the motion.[7]

Personal jurisdiction exists if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process.[8] "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."[9] Due process requires that a defendant have "minimum contacts" with the forum state and that exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice."[10]

### *B. Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] A complaint may

---

[5] *Pervasive Software, Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 219 (5th Cir. 2012) (quoting *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 270 (5th Cir. 2006)).
[6] *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins.*, 921 F.3d 522, 539 (5th Cir. 2019).
[7] *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (quoting *Quick Techs., Inc. v. Sage Grp., PLC*, 313 F.3d 338, 343 (5th Cir. 2002)).
[8] *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).
[9] *Id.* (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).
[10] *Id.* (quoting *Johnston*, 523 F.3d at 609).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[12] *Id.*

include legal conclusions, but such conclusions must be supported by factual allegations.[13] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[14] The court takes as true the complaint's factual allegations and construes them in the light most favorable to the nonmoving party.[15] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[16] Finally, "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[17]

## II. ANALYSIS.

Plaintiff's state court petition includes conclusory assertions that Keter US has sufficient enough contacts in Texas to confer personal jurisdiction over it here.[18] This lawsuit has been on file since October 29, 2025, and Plaintiff never sought to file an amended pleading. Keter US's motion to dismiss for want of personal jurisdiction includes an affidavit from its Chief Financial Officer explaining that the company is organized under Delaware law with its principal place of business in Indiana; the company did not design, manufacture, market, or distribute the product at issue; and has never purposefully directed conduct towards Texas related to the subject product.[19] The motion to dismiss has been on file for nearly nine months and Plaintiff neither responded to it nor sought to conduct jurisdictional discovery.

---

[13] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[14] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

[15] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[16] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).

[17] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).

[18] ECF No. 1-1 at 9-10.

[19] ECF No. 6-1 at 2.

"A federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute allows it; and (2) exercising jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment."[20] "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis."[21] "There are two types of personal jurisdiction under federal law: general and specific."[22] General personal jurisdiction applies when a defendant's affiliations with the forum state are so continuous and systematic as to render it essentially at home in the forum state.[23] Any and all claims may be brought against a defendant wherever there is general jurisdiction over it.[24] "[S]pecific personal jurisdiction is narrower and attaches only when there is a sufficient connection between a defendant's forum-related contacts and a plaintiff's causes of action."[25]

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the district court's jurisdiction over the defendant.[26] Where the court decides a Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff may satisfy his burden by presenting a *prima facie* case for jurisdiction.[27] Otherwise, the court may determine the jurisdictional issue by examining "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[28]

Here, Plaintiff never responded to Keter US's dismissal motion, nor did she address its affidavit's assertions disputing personal jurisdiction. Accordingly, Plaintiff did not meet her

---

[20] *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024) (internal citations and quotes omitted).
[21] *Id*. (citation omitted).
[22] *Id*.
[23] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).
[24] *Shambaugh*, 91 F.4th at 372.
[25] *Id*.
[26] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994).
[27] *Id*.
[28] *Colwell Realty Invs. v. Triple T. Inns of Ariz.*, 785 F.2d 1330, 1333 (5th Cir.1986).

burden to establish personal jurisdiction over Keter US. The motion to dismiss [Doc. No. 6] is **GRANTED.**

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**